## Brown & a. v. Lincoln.

Ordinarily, when land is leased for one crop, or for one year, or for several years, and the owner of the land is to receive a part of the produce of the land instead of rent, the contract operates and takes effect by way of reservation, and the lessor and lessee become tenants in common of the crops, though the lessee may be entitled to the possession of the land.

When the signature of an instrument is to be proved, to render the instrument competent evidence for the jury, if the presiding judge is acquainted with the hand-writing of the signer, and is satisfied upon inspection that the signature in question is genuine, that is sufficient *prima facie*, without other proof of the genuineness of the signature.

Trover for hay, corn and potatoes.

Plaintiffs' counsel stated in opening that the parties had been tenants in common of the property, plaintiffs owning one half, and defendant owning one half, and that defendant had converted the whole to his own use. Thereupon defendant objected that the action should have been brought under the statute. The court overruled the objection and defendant excepted. Plaintiffs offered a lease of a farm from one Goss to defendant and an assignment of the lease to plaintiffs. Upon the lease was a stamp and the following: "Collector's Office, 3d District, N. H. Cornish, March 28, 1867. Penalty remitted. C. Pike, Collector." Defendant objected that there was no evidence of the genuineness of Pike's signature. The court having personal knowledge of said Pike's hand-writing, and being satisfied thereby that said signature was genuine, ruled that other evidence was not necessary to make a *prima facie* case for plaintiffs upon the question of genuineness, and defendant excepted.

It was stipulated in the lease, "that the said Goss of the first part hath leased unto the said Lincoln of the second part, the place the said Lincoln now occupies, for the term of one year from the first day of April, 1864, on the following conditions: Said Lincoln agrees to carry on said place in a good husbandlike manner, and to give said Goss one half of all crops raised on said place."

This suit was brought to recover one half of the value of the crops raised by defendant on said place during said year, and harvested and converted to his own use as alleged by plaintiffs.

The defendant objected that, under the lease, the lessor and lessee would not be tenants in common of the crops raised and harvested by the lessee upon the premises. The court inquired if there was any question of fact upon this point, to be submitted to the jury, and defendant's counsel stated that there was not. The court overruled the objection and defendant excepted.

The verdict was for plaintiffs, and defendant moved to set it aside. And the questions of law were reserved.

*Cushing*, for defendant.

*Wheeler & Faulkner*, for plaintiffs.

SARGENT, J.   The first point taken, that, if the parties were tenants in common of the property in question, the action should have been brought under the statute, is not relied on in the argument, and we think is not well taken.   The statute provides for certain cases, where it was supposed, that, without such provision, the action in that form would not lie.   Com. Laws, ch. 191, secs. 5, 6 and 7.   But none of these provisions we think were intended to meet a case like this, where there was a perfect and long established remedy before.   But if the statute before cited, in any section, does or was intended to apply to any such case as this, we should regard the remedy thus given as cumulative merely, and not intended to take away the former remedy.

The other objection, that, under the particular provisions of this lease, the parties were not tenants in common of the crops, we think not well taken.   In *Ladd* v. *Robinson*, 27 N. H. 550, it is held, that, whenever upon a lease of land either for one crop or one year, or for several years, the owner of the land is to receive a part of the productions of the land in lieu of rent, the contract operates and takes effect by way of reservation, and that, ordinarily in such cases, the lessor and lessee are tenants in common of the crops, though the lessee may be entitled to the possession of the land.   The same doctrine is held in *Hatch* v. *Hart*, 40 N. H. 93, and in *Carr* v. *Dodge*, 40 N. H. 403.

But it is claimed here that the language used forbids that construction, that when the lessee agrees to *give* the lessor a part of the crops, it must be construed to mean that he is to part with something which he owns.   But in *Putnam* v. *Wise*, 1 Hill 234, the lease was in form much like the present.   The lessors did "lease and to farm let all the land," &c., to the lessees, and the lessees on their part among other things *covenanted* "to yield, pay and give" to the lessors, "one half of all the grain raised by them on said farm, to be delivered at" a specified place.   That case was stronger than this, because there a time and place was fixed for delivery, until which it might be claimed that the tenant owned them, but here, the tenant is to give one half the crop, which is to be the property of the lessor as well before as after harvest, as no time or place for delivery is fixed.   Yet in that case it was held that the parties were tenants in common of the crops until a separation and delivery of the half to the owner at the place specified.   We think, in this case, the intention was that the lessor should reserve half the crop, and that until a division the parties to the lease must be considered as tenants in common of the crops.   See, also, *Walker* v. *Fitts*, 24 Pick. 191.

Upon the remaining point we see no objection to the ruling.   If the evidence relating to Pike's signature was addressed to the court, as we think it properly was, in order to make the lease competent to be submitted to the jury, then there would seem to be no occasion to undertake to prove to the court something which was known to the court without proof; nor was there need of introducing more evidence on the part of plaintiffs, when the facts within the knowledge of the court made a *prima facie* case in his favor, until some evidence was introduced in opposition to the case thus made.

*Judgment on the verdict.*